UNITED STATES DISTRICT COURT
FORT THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PERRY CARTER,

       Plaintiff,

v.                                                                                  Case No. 1:15-CV-369

RONALD GRAMBAU,                                               HON. GORDON J. QUIST

       Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On August 29, 2016 Magistrate Judge Kent issued a Report and Recommendation (R & R) recommending that the Court deny Defendant Grambau's motion for summary judgment. (ECF No. 48.) Defendant filed an objection to the R & R, urging the Court to reject it. (ECF No. 49.) Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  After conducting a de novo review of the R & R, Defendant's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the motion denied.

Plaintiff Carter alleges that Defendant violated Plaintiff's First Amendment right of access to the courts with respect to a federal habeas corpus action. (ECF No. 41 at PageID.306.) Plaintiff also alleges that Defendant retaliated against Plaintiff by refusing to accept a delayed application for filing because Plaintiff had previously filed grievance against Defendant. (*Id.*) Defendant moved for summary judgment on both claims, while also asserting that Defendant is entitled to qualified immunity. (ECF No. 45 at PageID.318.) Magistrate Judge Kent recommended that the motion be

denied as to all three issues. (ECF No. 58 at PageID.361.) Defendant only objected to the denial of qualified immunity. (ECF No. 49 at PageID.363.)

When a defendant moves for summary judgment based on qualified immunity, he must "com[e] forward with facts to suggest that he acted within the scope of his discretionary authority during the incident in question." *Gardenhire v. Schubert*, 205 F.3d 303, 311 (6th Cir. 2000). The plaintiff then must (1) "identify a clearly established right alleged to have been violated," and (2) "establish that a reasonable officer in the defendant's position should have known that his conduct violated that right." (*Id.*) Magistrate Judge Kent recommended denial because Defendant "did not identify the scope of his discretionary authority to process legal mail." (ECF No. 48 at Page.ID 360.)

Defendant's affidavit establishes that Defendant is a Unit Supervisor, and that Unit Supervisors conduct "legal rounds," but does put forth any description of the ways in which Defendant exercises discretion. (ECF No. 13-2 at PageID.54.) Defendant cites the Amended Complaint to describe Defendant's responsibilities in handling legal mail.[1]  It provides, in relevant part:

> Housing unit Rum, Arus, or case managers must be available to process legal mail and court filing fees by the 10:00 a.m. deadline of every business day. Every prisoner must have access to a Rum, Arus, or case Manager every business day, e.g., access must be provided to prisoners on worn [sic] assignments and on top lock.

(ECF No. 41 at PageID304.) This language suggests no room for the exercise of discretion in performing the Defendant's duties. Qualified immunity does not extend to defendants who act in a ministerial, as opposed to a discretionary, capacity. *Morrison v. Lipscomb*, 877 F.2d 463, 468 (6th Cir. 1989). Magistrate Judge Kent did not err in recommending that Defendant's motion for summary judgment be denied.

---

[1]     As the R & R noted, the Amended Complaint itself does not attach a copy of the relevant Policy Directive, and it is unclear if this is even an accurate description.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 29, 2016 (ECF No. 48) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Grambau's motion for summary judgment (ECF No. 44) is **DENIED**.


Dated: September 22, 2016                   /s/ Gordon J. Quist
                                       GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE